**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. TONI THOMAS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-14- 1241-HE |
| 1. BOB MOORE AUTO GROUP, | ) ) | JURY TRIAL DEMANDED ATTORNEY LIEN CLAIMED |
| 2. BOB MOORE NISSAN OF NORMAN, L.L.C., | ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and hereby pleads her claims as follows:

## PARTIES

1. The Plaintiff is Toni Thomas, an adult resident of Oklahoma County, Oklahoma.

2. The Defendants are:

   A. Bob Moore Auto Group, a domestic company doing business in Cleveland, County, Oklahoma; and

   B. Bob Moore Nissan of Norman, L.L.C. ("Bob Moore Nissan"), a domestic company doing business in Cleveland County, Oklahoma.

## JURISDICTION AND VENUE

3. Plaintiff's claims are for gender discrimination in violation of Title VII of the Civil Rights Act and Oklahoma's Anti-Discrimination Act, for interference with her FMLA rights and retaliation after Plaintiff requested FMLA qualifying leave in violation of the FMLA, and for disability discrimination and retaliation after Plaintiff requested reasonable accommodations and complained of such discrimination in violation of the Americans with Disabilities Act, and the OADA.

4. Jurisdiction over the federal claims are vested in this Court under 42 U.S.C. § 2000e-5(f), 42 U.S.C. § 12117(a), 29 U.S.C. § 2617(a)(2) and 28 U.S.C. § 1331. The state law claims arise out of the same core of facts and jurisdiction over them are vested

under 28 U.S.C. § 1367(c).

5. Most of the actions complained of occurred in Cleveland County, Oklahoma, and the Defendants may be served in that county. Cleveland County, is within the Western District of the United States District Court of Oklahoma, and venue is appropriate in this Court under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

6. Defendants are FMLA covered employers in that they had, jointly and separately, more than fifty (50) employees during at least twenty (20) weeks of each of the current and proceeding calendar year who worked within seventy five (75) road miles of the facility where Plaintiff was employed

7. Plaintiff was an eligible employee under the FMLA, in that she had been employed by the Defendants for at least twelve months and had at least 1,250 hours of service with the employer in the previous twelve months.

8. Plaintiff's pay stubs reflect her employer as Defendants Bob Moore Nissan. Plaintiff maintained an employment agreement with Defendants Bob Moore Auto Group identifying her as the Finance Manager for Bob Moore Auto Group, located at the Bob Moore Nissan dealership. Both defendants controlled the terms and conditions of Plaintiff's employment, including the hours she worked, the amount she was paid, and participated in the decision to terminate her employment, such that both defendants were Plaintiff's employers either as joint employers and/or as an integrated enterprise such that both defendants are jointly liable for the claims herein.

9. Plaintiff worked for Bob Moore Auto Group, from around August 2010, until around March 2012.

10. Plaintiff was employed again by defendants as the Finance Manager beginning around November 7, 2012, until her termination around March 8, 2013.

11. Around the same time Plaintiff began her second period of employment she was told by Karen Copp (VP of Human Resources for Defendants Bob Moore Auto Group)

that two other dealerships owned by Bob Moore Auto Group – the Bob Moore Infiniti and Bob Moore Porsche/Audi – would soon have job openings and that Plaintiff would be qualified and placed into one of the soon to be open managerial positions.

12. Plaintiff was qualified for her job and performed her job duties in a satisfactory manner.

13. Around January 2013, Plaintiff began suffering from pregnancy-related medical complications, including a platelet disorder, that caused Plaintiff to have a high risk pregnancy, and be at risk for dangerous bleeding, and other conditions.

14. As a result, of the limitations set out in Para. 13, above, Plaintiff suffers from a disability as defined by the ADA Amendments Act (ADAAA), 42 U.S.C. § 12102(1)(A), (2)(B), in that she suffers from a condition which materially impairs major life activities, and bodily functions as defined by and/or is regarded as having such impairment as defined by 42 U.S.C. § 12102(1)(C), (3).

15. At the least, Defendants perceived Plaintiff as having a disability for reasons including that Plaintiff's supervisors commented that Plaintiff was incapable of performing her job with her medical condition. Plaintiff's supervisor, Stan Grady told Plaintiff she was no longer "giving 100%", after she was diagnosed with her medical conditions.

16. Plaintiff reported her medical condition to Stan Grady,(General Manager) and Karen Copp, and asked for reasonable accommodations of working fewer hours, and taking off work a couple hours each week, to undergo medical treatment and monitoring.

17. Plaintiff also notified the Defendants that she expected to take off work for maternity leave beginning around April 2013.

18. Thereafter, Plaintiff was retaliated against. Instances of retaliation, included, Mr. Grady becoming angry with Plaintiff, telling her she was no longer "giving 100%" to her job, and significantly increasing Plaintiff's work hours, but, not those of male managers in similar job positions, as well as increasing the Plaintiff's performance

quotas, while reducing Plaintiff's resources needed to meet such quotas.

19. Plaintiff complained of Mr. Grady's, discriminatory conduct to Karen Copp (Vice President of HR), including, telling Ms. Copp, of Mr. Grady's, discriminatory, and retaliatory treatment.

20. Plaintiff told Ms. Copp, and Mr. Grady that her physician had placed her on medical restrictions, of working no more than forty hours per week.  Thereafter, the Respondent continued to retaliate against Plaintiff, including setting performance objectives which were unreasonable, and depriving her of the resources necessary to meet such objectives.

21. In or around, January 2013, Plaintiff applied for the General Manager, position at Defendants, Bob Moore Auto Group's, Bob Moore Porsche/Audi dealership.

22. In or around, February 2013, Plaintiff applied for the General Manager, and Sales Manager positions, at Defendants Bob Moore Auto Group's, Bob Moore Infinity dealership.

23. Plaintiff was qualified for the three management positions for which she applied.

24. Plaintiff was denied all three management positions.

25. All three of the management positions described in Paras. 21-22, above, were given to men with less qualifications, and less experience than the Plaintiff.

26. Plaintiff was denied the promotions into the management positions described in Paras. 21-22, above, because she was pregnant, was suffering from pregnancy-related medical complications, and/or had notified the Defendants of her intent to take maternity leave after the birth of her child.

27. Plaintiff was terminated around March 8, 2013.

28. The stated reason for her termination was that she failed to meet performance objectives.

29. At the time, of her termination Plaintiff was told she would be eligible for re-hire.

30. During, June and July of 2013, Plaintiff inquired about open management positions and was told there were no positions available. Other former employees (males), were offered other employment opportunities, after being terminated for performance, but, Plaintiff was denied the requested positions.

31. At the least, motivating factors in the decision to terminate the Plaintiff were her gender, (pregnancy), medical conditions, and/or retaliation, after Plaintiff complains of discrimination, and requests for accommodation.

32. As a direct result of Plaintiff's termination she has suffered, and continues to suffer, lost wages, (along with back, present and front pay along with the value of benefits associated with such wages), emotional distress, and dignitary harm damages, including worry, anxiety, frustration, sadness, stress, and similar unpleasant emotions.

33. Plaintiff exhausted her administrative remedies by timely filing a charge of discrimination with the Oklahoma Attorney General's Office of Civil Rights Enforcement ("OCRE") on September 3, 2013. The OCRE investigated Plaintiff's claims for more than 180 days and issued Plaintiff her right to sue letter on October 8, 2014, and Plaintiff received such letter thereafter. This complaint is timely filed within 90 days of Plaintiff's receipt of her right to sue letter.

### COUNT I

For this Count, Plaintiff incorporates all prior allegations and further alleges.

34. Termination motivated by Plaintiff's gender, including, her status as a pregnant female, and retaliation after Plaintiff complained of gender discrimination, violates Title VII and the OADA.

35. Under this Count, Plaintiff is entitled to compensation for her lost wages (including, back, present, and front pay, along, with the value of benefits associated with such wages), emotional distress/dignitary harm, and attorney fees, and costs. Plaintiff is also entitled to liquidated damages under the state law claim.

36. Because the actions of the Defendants were willful or, at the least, in reckless disregard for Plaintiff's federally protected rights, Plaintiff is entitled to an award of punitive damages.

## COUNT II

For this Count, Plaintiff incorporates all prior allegations and further alleges.

37. The termination of Plaintiff's employment prior to her taking of FMLA maternity leave is an interference with Plaintiff's FMLA leave rights. Because the termination followed Plaintiff's announcement of her intention to take such leave, it is also in retaliation for the protected act of seeking leave.

38. Defendants actions were a violation of Plaintiff's FMLA rights, and are therefore, willful as defined by the FMLA.

39. As a result, of such interference, and retaliation Plaintiff has suffered wage and benefit loss (past, present and future), for which she is entitled to compensation which also, includes, interest on the wage and benefit loss which accrues prior to trial.

40. Because Defendants' actions are willful, Plaintiff is entitled to liquidated damages, which is an amount equal to the value of the wages, benefits, and interest up through the date of trial.

## COUNT III

For this Count, Plaintiff incorporates all prior allegations, and further alleges.

41. Discrimination on the basis of a disability or perceived disability, and retaliation for Plaintiff's requests for accommodation is contrary to the ADA and the OADA.

42. Refusal to offer an available reasonable accommodation such as time off work for treatment of Plaintiff's medical condition is a *per se* violation of the ADA.

43. Under this Count, Plaintiff is entitled to compensation for her lost wages, (past, present, and future, including, the value of benefits associated with such wages), emotional distress/dignitary harm damages, attorney fees and costs.

44. Because the actions of the Defendants were willful, malicious or, at the least, in reckless disregard for Plaintiff's federally and state protected rights such that Plaintiff is entitled to an award of punitive damages under the federal claim. Plaintiff is entitled to liquidated damages under the state law claim.

## PRAYER

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendants and grant her all compensatory damages suffered together with punitive damages, liquidated damages, attorneys' fees, costs and interest, and such other legal and equitable relief, as this Court deems just and proper.

**RESPECTFULLY SUBMITTED THIS 10th DAY OF NOVEMBER, 2014.**

    HAMMONS, GOWENS, HURST
    & ASSOCIATES

    s/ Amber L. Hurst
    Mark Hammons, OBA No. 3784
    Amber L. Hurst, OBA No. 21231
    HAMMONS, GOWENS, HURST
      & ASSOCIATES
    325 Dean A. McGee Avenue
    Oklahoma City, Oklahoma 73102
    Telephone:  (405) 235-6100
    Facsimile:  (405) 235-6111
    Email: Amberh@hammonslaw.com
    *Counsel for Plaintiff*
    JURY TRIAL DEMANDED
    ATTORNEY'S LIEN CLAIMED